## Case No. 15,346.

### UNITED STATES v. HENDRIC.

[2 Sawy. 476; [1] 6 Chi. Leg. News, 224.]

District Court, D. Oregon. Dec. 20, 1873.

#### VIOLATION OF ELECTION LAWS—INDICTMENT—COUNSEL AND ADVICE.

1. An allegation that the defendant offered a party $2.50 to vote, is equivalent to an allegation that he counseled and advised such party to vote.

[Followed in U. S. v. O'Neill, Case No. 15,-949. Cited in U. S. v. Johnson, Id. 15,488.]

2. Allegations in the first count in an indictment may be adopted in the second one by referring to them; and the words "said Johnson" in a second count indicate the Johnson mentioned and described in the first count, including his status or condition as therein stated, with reference to the charge made in the indictment.

[This was an indictment against Robert Hendric.]

Addison C. Gibbs, for the United States.
Richard Williams, for defendant.

DEADY, District Judge. This indictment was found December 9, and contains two counts.

The first count charges that at an election held on October 13, 1873, at South Portland precinct, in the county of Multnomah, and state of Oregon, for representative in the congress of the United States, the defendant "did then and there knowingly, etc., offer to give to one James Johnson (he, the said Johnson, then and there not being entitled to vote at said election, for the reason that he was not twenty-one years of age), the sum of $2.50, as a gift, bribe and reward to him, the said Johnson, to vote at said election for representative in congress of the United States," contrary to the statute, etc. The defendant demurs to this count, and for cause of demurrer says, "that it does not appear that he counseled or advised said Johnson to vote." This indictment is found under two provisions of the act of May 31, 1870 (18 Stat. 144), which, taken together, provide: "That if, at

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

any election for representative * * * in the congress of the United States, any person shall * * * aid, counsel, procure or advise any person * * * to vote without having a lawful right to vote, * * * such person shall be deemed guilty of a crime." It not being alleged that Johnson voted at this election, of course the defendant could not have aided or procured him to vote. But if the defendant counseled or advised Johnson to vote, then, although the latter did not vote, he would be guilty of the crime defined in the clauses of the act above cited.

The sufficiency of the count then turns upon the question whether it appears therefrom that the defendant counseled or advised Johnson, under the circumstances, to vote. In U. S. v. Bachelder [Case No. 14,490], it was held that "it is not in general necessary in an indictment for a statutable offense to follow the exact wording of the statute. It is sufficient if the offense be set forth with substantial accuracy and certainty to a reasonable intendment. The cases cited from the common law, where a different rule is supposed to prevail, do not apply." The words "counsel" or "advise" are not used in the count, and unless it contains equivalent terms, it is insufficient. Worcester defines the verb to counsel as follows: (1) To give advice to; to admonish. (2) To propose to be done; to recommend. Now it is alleged in this count that the defendant offered to give Johnson $2.50 to vote, and it seems to me that he thereby proposed to him to vote—not only counseled him by words, but added the persuasive argument of a bribe. If it was alleged that the defendant counseled Johnson to vote, or proposed to him to vote, or recommended or advised him to vote, there can be no question but that the allegation would be in substantially the same language as that of the statute, and sufficient; but when he offered Johnson money to induce him to vote, he necessarily proposed to him and counseled him to vote, he thereby did all this and more. When the defendant offered this bribe to Johnson to induce him to vote, he necessarily proposed to him and counseled him to vote. The only criticism that the count is open to in this respect is, that it states more than is necessary, and is a departure from the generally safe rule of following the words of the statute. The demurrer thereto is overruled.

The second count is in all respects like the first one, except that it is there alleged that the defendant "did then and there knowingly, etc., give to said James Johnson $2.50 as a gift, bribe," etc., without otherwise stating that Johnson was not a qualified voter. It is usual and proper where an indictment contains two counts, instead of repeating the allegations which are common to both, to adopt them in the second one by referring to them, thus making them a part of the latter. By the use of the relative "said" in this count before James Johnson, the pleader indicates a James Johnson, not only of the personal description, if any, given in the first count, but also one being in like condition or status with reference to the charge made in the indictment. The phrase, said James Johnson, in this count, is then equivalent to an allegation that the Johnson indicated is a person under twenty-one years of age. The conclusion that he was therefore not entitled to vote is a mere conclusion of law, and although proper and logical to be stated, is not absolutely necessary.

The demurrer to this count, which is similar to the other, except in respect to this objection, is overruled.